UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA J. STRATTON,<br><br>            Plaintiff,<br><br>   v.<br><br>MICHAEL ASTRUE, Commissioner of<br>Social Security Administration,<br><br>            Defendant. | CASE NO.  **C07-5555RBL**<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for May 30, 2008 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administrative decision..

<u>INTRODUCTION</u>

Plaintiff, Donna Stratton, was born in 1951. She completed the 10th grade of high school, and later received her GED. She has been married several times, and has two children. Plaintiff has past relevant work experience as a bookkeeper and adult caregiver (Tr. 100). It appears Plaintiff last worked in June 2004 (Tr. 87).

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits on June 15, 2005 (Tr. 11). In both applications, Plaintiff alleges disability beginning June 30, 2004. Her applications were denied initially and upon reconsideration. A hearing request was timely

REPORT AND RECOMMENDATION
Page - 1

filed. The administrative hearing was held on March 6, 2007, before an administrative law judge ("ALJ") (Tr. 11). Following the hearing, the ALJ authored a decision denying claimant's applications on May 24, 2007 (Tr. 8-23). Plaintiff sought review by the Appeals Council, and on August 9, 2007, the Appeals Council denied plaintiff's request for review (Tr. 4-6). Thus the ALJ's decision became the final administrative decision.

Plaintiff filed the instant Complaint with the Court on October 5, 2007, challenging the denial of her applications for social security benefits. Specifically, Plaintiff contends the ALJ failed to properly consider certain medical opinion evidence. After reviewing the record, the undersigned finds the ALJ properly considered the medical evidence and the ALJ's decision is supported by substantial evidence.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's

1 opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the
2 ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from
3 the claimant that conflicted with the treating physician's opinion.

4 Here, Plaintiff contends the ALJ improperly evaluated the medical evidence, particularly the
5 opinions and records provided by Dr. Lewis, Dr. Brere, Dr. Brose, and Dr. Lee, all of whom are
6 psychologists. After reviewing the record and the ALJ's decision, the undersigned concludes the ALJ
7 reasonably interpreted the medical evidence..

8 The ALJ, who is charged with reviewing the record as a whole in the context of the social security
9 definitions and process of determining disability, concluded Ms. Stratton retained the ability to perform
10 past relevant work as a adult resident supervisor or bookkeeper. Substantial medical evidence supports
11 the ALJ's residual functional capacity assessment consistent with these vocations. Rather than rely on any
12 of the four examining psychologists, the ALJ relied primarily upon the November 11, 2005, opinion of
13 reviewing psychologist Dr. Timothy Gregg, Ph.D., who diagnosed Plaintiff's mental function as either
14 "not significantly limited" or, at most, "moderately limited" in every functional area (Tr. 244-247). The
15 ALJ also noted that Plaintiff's mental health treatment at Greater Lakes Mental Healthcare resulted in a
16 greatly reduced incidence of panic, and that Plaintiff was discharged from that facility on February 22,
17 2006, with all of her treatment goals completed (Tr. 293-303). Because the opinions of the examining
18 psychologists were disputed by another psychologist, the ALJ was entitled to rely on Dr. Gregg's opinion,
19 so long as he cited specific and legitimate reasons supported by substantial evidence in the record. In his
20 discussion of the evidence the ALJ provided sufficient reasoning.

21 For example, The ALJ explained ( in contrast to Dr. Gregg) Dr. Lee, Dr. Brose and Dr. Brere did
22 not have the benefit of Plaintiff's full medical history (Tr. 14-19). Moreover, with respect to Dr. Lewis,
23 the ALJ specifically stated he disagreed with Dr. Lewis' conclusion that Plaintiff would "not likely be
24 employable for the next 12 months" (Tr. 417), because Dr. Lewis opinion was contained in a check box
25 form with minimal narrative explanation. The ALJ explained that Dr. Lewis based her opinion on
26 Plaintiff's self-report, and significantly, the ALJ found that Plaintiff was not entirely credible (Tr. 19-20).
27 The ALJ's reasons for rejecting the examining psychologist's opinions were specific and legitimate.

28 Plaintiff argues for a more favorable interpretation of the medical evidence. However, the ALJ's

interpretation was reasonable and properly supported. "When the evidence before the ALJ is subject to more than one rational interpretation, [the court] must defer to the ALJ's conclusion." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

## CONCLUSION

Based on the foregoing discussion, the Court should affirm administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 30, 2008**, as noted in the caption.

DATED this 7th day of May, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge